## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| ANGELA GURZI, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) 6:19-cv-00823 ) ) |
| v. | ) ) |
| PENN CREDIT, CORPORATION, | ) ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

Plaintiff, Angela Gurzi ("Plaintiff"), by her undersigned counsel, for this Class Action Complaint against Defendant, Penn Credit, Corporation, and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendants"), alleges as follows:

### INTRODUCTION

1. Plaintiff, individually and as a class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter, "TCPA").

### PARTIES

2. Plaintiff, ANGELA GURZI, is a citizen of Florida.

3. Defendant, PENN CREDIT, CORPORATION, is a corporation that is primarily engaged in the business of debt collection services. Defendant is organized and incorporated in Florida and has its principal place of business in Pennsylvania.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

5. This Court has personal jurisdiction over Defendant because they have submitted to Florida jurisdiction by registering with the Secretary of State to do business in the State of Florida, and the wrongful acts alleged in this Complaint were directed into Florida.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

9. The Federal Communication Commission ("FCC") promulgated regulations that "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

10. The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

## FACTUAL ALLEGATIONS

11. Defendant has initiated multiple automated, "robocall" telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt.

12. For example, but not by limitation, on or about March 14, 2019, March 15, 2019 and March 25, 2019, Defendant, or some person authorized by Defendant, called Plaintiff's cellular telephone number.

13. Defendant left multiple voicemail messages for Plaintiff in which Defendant stated:

> *"We have an important message from Penn Credit Corporation. This communication is from a debt collector. Please call 800-720-7281. This is an attempt to collect a debt, and any information obtained will be used for that purpose."*

14. These messages were "prerecorded" in the sense that they were recorded ahead of time, and then the recording was played when the dialing system detected that the call was answered by plaintiff's voice mail. The quality and preciseness of each message left confirm use of prerecorded messages.

15. Moreover, the calls Defendant made were made using equipment that were used to automatically generate a sequence for robocalling telephone numbers based upon Defendant's records and other data, including Plaintiff's.

16. Upon information and belief, Defendant made and attempted more prerecorded telephone calls to Plaintiff and the class members within the four years leading to the filing of this complaint, using the same or similar equipment and messages. Discovery from Defendant and its

dialer and telephone vendors is needed to confirm the precise volume of telephone calls and messages.

17. Plaintiff did not consent to receiving these telephone calls. Plaintiff did not give her cell phone number to Defendant or any other person as to any transaction that might have been the subject of the calls.

18. Upon information and belief, Defendant implemented sophisticated data/information collection and maintenance systems that will assist in class notice to the class.

19. Upon information and belief, Defendant or some vendor on its behalf, obtained Plaintiff's phone number from a skip-trace or similar third-party source other than from Plaintiff.

20. Plaintiff and the class have been substantially damaged by defendant's calls. Their phone lines were tied up by these unsolicited calls, their privacy was improperly invaded and they were annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

## **COUNT I – TCPA**

21. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

22. Defendant violated the TCPA by placing automated calls to Plaintiff and the class members' cellular telephones using its predictive dialer and/or prerecorded or artificial voice without the consent of the called party.

23. Defendant has a policy, practice or procedure of placing calls to cell phones regarding the collection of an alleged debt without the prior consent of the called parties.

24. Defendant's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

## CLASS ACTION ALLEGATIONS

25. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this case as a class action on behalf of National Classes (collectively referred to as the "Classes") defined as follows:

> All persons in the United States who: (a) Defendant and/or someone on Defendant's behalf called on their cellular phone; (b) and played a message that had been recorded ahead of time; (c) where the phone number was not obtained from the recipient of the call; (d) where at least one call was made in the period that begins four years before the date of filing this Complaint.

26. <u>Numerosity</u>. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 1,000 members. Moreover, the disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and the Court.

27. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, used (1) an automatic telephone dialing system or (2) prerecorded or artificial voice, as is used in the TCPA and applicable FCC regulations and orders with respect to the calls at issue;

    b. Whether Defendant's violations were willful and/or knowing;

28. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendant

and are based on the same legal and remedial theories.

29.     <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so.  Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Class.

30.     <u>Predominance</u>.  Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

31.     <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA.  The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small.

32.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

33.     <u>Injunctive and Declaratory Relief Appropriate</u>.  Defendant has acted on grounds

generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

34. Moreover, on information and belief, and based on her experience, Plaintiff alleges that the calls made by Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered. Indeed, Penn Credit has been sued for TCPA violations before, and is thus well aware of the law's prohibitions against nonconsensual automated calls. Penn Credit made these calls in spite of such knowledge, thereby willfully accepting both the benefits and risks associated with use of such equipment. An injunction appears to be the only way to wrench compliance.

35. Injunctive relief is requested herein in addition to, and as an alternative to, monetary relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, prays for judgment against Defendant as follows:

    A.    Appropriate discovery on the issue of whether a class should be certified;

    B.    An order Certifying the proposed Class, or any other Class as discovery reveals, or the Court finds, more appropriate;

    C.    Appointment of Plaintiff as representative;

    D.    Appointment of the undersigned counsel as counsel for the Class;

    E.    A declaration that the dialer and/or messages that Defendant and/or its affiliates, agents, and/or other related entities' used to call Plaintiff and the class actions complained of herein are covered by the TCPA;

F.     A declaration that Defendant did not have Plaintiff's consent to make the calls or play the messages as alleged herein;

G.     A declaration that Defendant did not have consent of the class to make the calls or play the messages as alleged herein;

H.     A declaration that the calls and messages challenged herein violated the TCPA;

I.     An order enjoining Defendant from using, or hiring any third party to use, prerecorded messages during calls to cell phones unless Defendant has documented unequivocal prior express consent *before* making each such call;

J.     An order requiring Defendant to engage a court-approved third party to audit its consent and calling, investigate any possible deviations from the TCPA and/or the Court's injunction and to make quarterly reports to Plaintiff's counsel and the Court regarding its findings;

K.     An award to Plaintiff and the Class of damages, as allowed by law;

L.     An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

M.     Leave to amend this Complaint to conform to the evidence presented through discovery or at trial; and

N.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

## **DEMAND FOR JURY**

Plaintiff demands a trial by jury for all issues so triable.

                Respectfully submitted,
                **ANGELA GURZI,**
                **individually and on behalf of all**
                **others similarly situated,**

            By:    s/ David M. Marco
                   Attorney for Plaintiff

Dated: April 30, 2019

                David Marco
                SMITHMARCO, P.C.
                55 W. Monroe Street, Suite 1200
                Chicago, IL 60603
                (312) 361-1690
                (312) 602-3911 (fax)
                dmarco@smithmarco.com
                www.SmithMarco.com

                Alexander H. Burke, *pro hac vice*
                forthcoming
                BURKE LAW OFFICES, LLC
                155 N. Michigan Ave., Suite 9020
                Chicago, IL 60601
                (312) 729-5288
                (312) 729-5289 (fax)
                ABurke@BurkeLawLLC.com
                www.BurkeLawLLC.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls or texts, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are relevant to the litigation of this claim. If Defendant is aware of any third party or vendor that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials, and disclose such third parties to Plaintiff's counsel so as to permit meaningful meet and confer with such third parties and possible cost-sharing. This demand shall not narrow the scope of any independent document preservation duties of Defendant or its vendors.