# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANGELA GURZI,**

      **Plaintiff,**

**v.**                                          Case No:   **6:19-cv-823-Orl-31EJK**

**PENN CREDIT, CORPORATION,**

      **Defendant.**

## ORDER

This Matter comes before the Court on Penn Credit's Motion for Leave to File Interlocutory Appeal (Doc. 70) from the Order denying Summary Judgment (Doc. 69) and the Plaintiff's Response in Opposition (Doc. 71).

Section 1292(b) governs discretionary interlocutory appeals from the district courts to the courts of appeals. *See, e.g.*, *In re Charter Co.*, 778 F.2d 617, 620 n. 5 (11th Cir. 1985). Under Section 1292(b), a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re Celotex Corp.*, 187 B.R. 746, 749 (Bankr. M.D. Fla. 1995). "The party seeking review bears the burden of establishing these elements." *U.S., ex rel. Borges v. Doctor's Care Med. Ctr., Inc.*, No. 01-8112-CIV, 2007 WL 984404, at *1 (S.D. Fla. Mar. 27, 2007).

Here, there is no need to discuss elements (1) or (3), because Penn Credit has not upheld its burden in showing that there is a substantial ground for difference of opinion among courts with respect to this issue. Penn Credit frames the controlling question as "[w]hether delivering a

ringless voicemail message to the landline of voicemail platform provider and bypassing the recipient's cell phone number and handset in the process qualifies as a 'call'" within the meaning of the TCPA. Doc. 70 at 9.

First, the "delivery" of the voicemail does not truly bypass either the cell phone number or the handset. The means of delivering the voicemail is the cell phone number, and the technology used by Penn Credit cannot function without that cell phone number. Provided the handset is powered on and functioning properly, the voicemail will be immediately accessible via the handset. It does bypass the ringing process. However, ringing is not the defining feature of a call: if a cell phone was powered off when a call was made, it does not change the fact that someone (or something) did indeed call the cell phone, even though it does not ring.

Penn Credit makes much of the fact that voicemail platform "existed not on Gurzi's phone, but elsewhere." Doc. 70 at 3. But a voicemail serves a function: to answer calls when the owner of the phone is unable to do so. These voicemails were left by using the cell phone number to which they were attached. Penn Credit used technology to make the call in a different way, but that itself is unremarkable. Finding a different way to make a call—here, a way that causes the voicemail to answer the call instead of a person—does not change the fact that a call was made. There is no room for a substantial difference of opinion with respect to whether using a cell phone number to leave a voicemail message is making a call.

Accordingly, the Motion for Leave to File (Doc.70) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 18, 2020.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party