UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELA GURZI, individually and on
Behalf of all others similarly situated,

    Plaintiffs,

v.                                                              Case No.:  6:19-cv-00823-GAP-EJK

PENN CREDIT CORPORATION,

    Defendant.
_____/

**Penn Credit's Motion for Judgment on the Pleadings**

GOLDEN SCAZ GAGAIN, PLLC
1135 Marbella Plaza Driv
Tampa, Florida 33619

*Attorneys for Defendant Penn Credit Corp.*

# TABLE OF CONTENTS

                                                    Page

I. Introduction……………………………………………………………………1

II. Procedural Background……………………………………………………….1

III. Standard of Review……………………………………………………………3

IV. Legal Argument……………………………………………………………….4

V. Conclusion……………………………………………………………………..7

# TABLE OF AUTHORITIES

                                                    Page(s)

Cases

*Bonner v. City of Prichard, Ala.*,
   661 F.2d 1206 (11th Cir.1981)……………………………………………………….6

*Ceithaml v. Celebrity Cruises, Inc.*,
   257 F. Supp. 3d 1326 (S.D. Fla. 2017)……………………………………………….6

*Id.*,
   575 F.3d 1180 (11th Cir. 2009)………………………………………………………5

*Id.*,
   243 F.2d 819 (5th Cir. 1957)…………………………………………………………6

*Id.*,
   772 F.3d 1225 (11th Cir. 2014)……………………………………………………5, 6

*In the Matter of the Joint Petition Filed by Dish Network, LLC*,
   28 F.C.C. Rcd. 6574 (2013)…………………………………………………….2, 3, 6

*Legg v. Voice Media Group, Inc.*,
   20 F. Supp. 3d 1370 (S.D. Fla. 2014)………………………………………………..5

*Murphy v. DCI Biologicals Orlando, LLC*,
   797 F.3d 1302 (11th Cir. 2015)………………………………………………………7

*Powers v. Sec'y, U.S. Homeland Sec.*,
   20-12289, 2021 WL 446011 (11th Cir. Feb. 9, 2021)………………………………..4

*Randall v. Scott*,
   610 F.3d 701 (11th Cir. 2010)………………………………………………………..4

Rules and Regulations Implementing the Telephone Consumer Protection Act of
    1991,
    Memorandum and Order, 10 F.C.C. Rcd. 12391 (1995) ................................... 2, 4
*Snyder v. iCard Gift Card, LLC*,
    2017 WL 10379592 (S.D. Fla. May 11, 2017) ...................................................... 5
*United States v. Tianello*,
    860 F. Supp. 1521 (M.D. Fla. 1994) ...................................................................... 5

### Rules
Fed. R. Civ. P. 23 ............................................................................................................. 3
Federal Rule of Civil Procedure 12(c) ............................................................................ 3
Rule 12(b)(6) .................................................................................................................... 3

### Other Authorities
4.01 ................................................................................................................................... 5
DE 170 .............................................................................................................................. 1
DE 180 .............................................................................................................................. 1
DE 181 .............................................................................................................................. 1
DE 183 .......................................................................................................................... 2, 4
Restatement (Third) of Agency §§ 2.01, 2.03 ............................................................... 5

## I.   Introduction

Plaintiff's Amended Complaint seeks to hold Penn Credit vicariously liable for prerecorded messages VoApps purportedly sent to cellular telephone numbers in violation of the Telephone Consumer Protection Action. And the Amended Complaint contains citations to legal authorities supporting the concept of vicarious liability under agency principles. Yet there are no factual allegations that if proven would establish the existence of an agency relationship between Penn Credit and VoApps. Penn Credit is therefore entitled to judgment as a matter of law.

## II.   Procedural Background

The court is well-versed in the procedural background of this matter, so Penn Credit limits its recitation to the following relevant events. The original plaintiff Angela Gurzi (Gurzi) litigated this case despite having filed a Chapter 7 bankruptcy petition several months after filing the Complaint. The court ultimately entered an Order staying the case "to allow the Trustee to file a motion to either join this case a co-plaintiff or substitute as the Party Plaintiff."[1]

The court ultimately entered an Order permitting the Trustee to substitute into the case.[2] Shortly thereafter, the court entered another Order[3] establishing the following deadlines:

- Amended complaint: December 15, 2020.
- Defendant's response: December 31, 2020.
- Discovery deadline: January 29, 2021

---

[1] *See*, DE 170.
[2] *See*, DE 180.
[3] *See*, DE 181.

- Trustee's motion for summary judgment and motion for class certification: February 26, 2021.
- Defendant's responses: March 26, 2021.

On December 15, 2020, the Trustee filed his Amended Class Action Complaint and Demand for Jury Trial (Amended Complaint), alleging Penn Credit violated the Telephone Consumer Protection Act (TCPA).[4] As relevant here, the Amended Complaint[5] contains the following paragraphs:

> 10. The Federal Communication Commission ("FCC") promulgated regulations that "generally establish **that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations**." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).
>
> 11. **The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."** *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, **28 F.C.C. Rcd. 6574, 6574 (2013).**
>
> 13. …on or about March 14, 2019, March 15, 2019 and March 25, 2019, Defendant, **or some person authorized by Defendant**, called Gurzi's cellular telephone number.
>
> 14. Defendant left multiple voicemail messages for Gurzi in which Defendant stated:
>
>> *"We have an important message from Penn Credit Corporation. This communication is from a debt collector. Please call 800-720-7281. This is an attempt to collect a debt, and any information obtained will be used for that purpose."*

---

[4] *See*, DE 183, *generally*.
[5] *Ibid.* (emphasis added).

15. These messages were "prerecorded" in the sense that they were recorded ahead of time, and then the recording was played when the dialing system detected that the call was answered by plaintiff's voice mail. The quality and preciseness of each message left confirm use of prerecorded messages.

**16. Defendant made these calls through a company called VoApps, Inc.**

27. Class Definition. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this case as a class action on behalf of National Classes (collectively referred to as the "Classes") defined as follows:

> All persons to whom one or more **VoApps messages was successfully delivered to their cellular telephone number from Penn Credit**, where Penn Credit obtained such phone number through a third-party skip trace, and where the name and ZIP code in Penn Credit's records match those of Sprint/T-Mobile, Verizon, or AT&T.

### III. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[6] The pleadings in this case are closed as Plaintiff filed the Amended Complaint, Defendant has answered, and no counterclaims, crossclaims, or third-party complaints have been filed.

"The ultimate question on a motion for judgment on the pleadings under Rule 12 (c) is the same as on a motion to dismiss under Rule 12(b)(6)—

---

[6] *Id.*

whether the complaint states a claim for relief."[7] "A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations."[8]

## IV. Legal Argument

### The Complaint fails to factually support its conclusory allegation Penn Credit is vicariously liable for VoApps' purported TCPA violations.

In the Amended Complaint, the Plaintiff claims Penn Credit "or some person [it] authorized called [Plaintiff's] cellular telephone number" and "left multiple voicemail messages" that were "prerecorded".[9] Plaintiff then specifically alleges these calls "were made … through a company called VoApps, Inc."[10] And he seeks a class comprised of "persons to whom one or more VoApps messages was successfully delivered to their cellular telephone number from Penn Credit."[11]

The Amended Complaint also contains several citations to legal authorities for the concept that entities like Penn Credit "may be held vicariously liable under federal common law principles of agency for violations of [the TCPA] that are committed by [a] third-party."[12] But the Amended Complaint fails to allege *any* facts that if proven would provide a basis for this court to find an agency relationship

---

[7] *Powers v. Sec'y, U.S. Homeland Sec.*, 20-12289, 2021 WL 446011, at *2 (11th Cir. Feb. 9, 2021).
[8] *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010).
[9] *See*, DE 183 at ¶¶ 13, 14, 15.
[10] *Ibid.* at ¶ 16.
[11] *Ibid.* at ¶ 27.
[12] *Ibid.* at ¶¶ 10, 11.

existed between Penn Credit and VoApps with respect to the conduct at issue.

Agency can be established expressly, via a showing of actual authority, or it can be inferred, by finding apparent authority or ratification.[13] Plaintiff's Amended Complaint contains only bald legal conclusions without the requisite *facts* that, if proven, would establish agency under any of these three theories.

Plaintiff fails to allege facts showing a traditional or classical agency relationship between Penn Credit and VoApps. In the context of agency law, this Court has rightly recognized: "It is the element of continuous subjection to the will of the principal which distinguishes the agent from other fiduciaries and the agency agreement from other agreements."[14] In *Commodity Futures v. Gibraltar*, the Eleventh Circuit Court held agency, "either implied or express, requires: (1) consent to the agency by both the principal and agent; and (2) the control of the agent by the principal."[15] The same court, in *Wolf v Celebrity Cruises*, focused on whether the alleged principle "had the right to or did participate in [the] day-to-day operations" of the alleged agent.[16] At the very least, "to allege the requisite agency relationship to support its TCPA vicarious liability claim against [Penn Credit], Plaintiff must allege facts to show that [Penn Credit] exercised substantial control over [VoApps'] actions."[17] The Amended Complaint contains zero facts describing the relationship

---

[13] *See,* Restatement (Third) of Agency §§ 2.01, 2.03, 4.01.
[14] *United States v. Tianello*, 860 F. Supp. 1521, 1524 (M.D. Fla. 1994).
[15] *Id.* 575 F.3d 1180, 1189 (11th Cir. 2009).
[16] *Id.*, 772 F.3d 1225, 1236–37 (11th Cir. 2014) (emphasis in original).
[17] *Snyder v. iCard Gift Card, LLC*, 2017 WL 10379592, at *2 (S.D. Fla. May 11, 2017), citing, *Legg v. Voice Media Group, Inc.*, 20 F. Supp. 3d 1370, 1377 (S.D. Fla. 2014).

between Penn Credit and VoApps, much less facts showing VoApps agreed to subject itself to the will of Penn Credit or that Penn Credit "had the right to or did participate in [the] day-to-day operations" of VoApps. The Amended Complaint therefore fails to contain facts which, if proven true, would establish a traditional agency relationship between Penn Credit and VoApps.

To show apparent agency, the Plaintiff must establish "first, a representation by the principal *to* [Gurzi], which, second, caused [Gurzi] to reasonably to believe that the alleged agent is authorized to act for the principal's benefit, and which, third, induces [Gurzi's] detrimental, justifiable reliance upon the appearance of agency."[18] As the Old Fifth noted in *Smith-Perry Elec. Co. v. Transp. Clearings of Los Angeles*:[19]

> The principal is liable only where there has been an appearance of authority created by himself. One who seeks to charge another as a principal by reason of a transaction with one acting as an agent must show facts from which the apparent authority might be inferred and that such facts were known to and relied upon by him in entering upon the transaction.[20]

To be clear, it's not that the Amended Complaint fails to contain *sufficient* factual allegations that Penn Credit made a representation to Gurzi, the Amended Complaint flatly contains *no* allegation that Penn Credit represented to anyone that

---

[18] *Ceithaml v. Celebrity Cruises, Inc.*, 257 F. Supp. 3d 1326, 1335 (S.D. Fla. 2017), *aff'd*, 739 F. App'x 546 (11th Cir. 2018), *citing*, *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1236 (11th Cir. 2014) (emphasis added).
[19] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).
[20] *Id.*, 243 F.2d 819, 821 (5th Cir. 1957). This ruling is consistent with the FCC's ruling in *Dish Network* that "Apparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal." *Id.*, 28 F.C.C. Rcd. at 6586.

VoApps was authorized to send the messages. Nor is there an allegation that Gurzi relied to her detriment on that non-existent representation.

There is likewise an absence of factual allegations in the Amended Complaint that would support of finding of ratification. The FCC's ruling in *Dish Network* is binding on this court,[21] and in that Ruling, the FCC stated the alleged principle ratifies its alleged agent's unlawful actions only if "the [alleged principle] knew (or reasonably should have known) that the [alleged agent] was violating the TCPA … and … failed to take effective steps within its power to force the telemarketer to cease that conduct."[22] Again the Amended Complaint is devoid of any factual allegations that would support a finding that Penn Credit "knew or reasonably should have known" that VoApps was violating the TCPA by sending the messages at issue here.

## V. Conclusion

The TCPA generally permits vicarious liability to attach in the appropriate circumstances. And the Amended Complaint cites legal authorities supporting the concept that Penn Credit could *potentially* be held vicariously liable under agency principles for VoApps sending the messages at issue here. But Plaintiff has failed to plead *any* facts that if proven would establish an agency relationship between Penn Credit and VoApps. Penn Credit is therefore entitled to judgment on the pleadings as a matter of law.

---

[21] *See, Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015).
[22] *Id.*

Respectfully submitted by:

/s/ Dale T. Golden
**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN: 0094080
201 North Armenia Avenue
Tampa, FL 33609
Phone: 813-251-5500
Email: dgolden@gsgfirm.com